UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY E. LeCOULTRE,<br><br>Plaintiff,<br><br>vs.<br><br>TAKHAR COLLECTION SERVICES, LTD.,<br><br>Defendant. | Case No. 2:12-cv-00272-LMB<br><br>**MEMORANDUM DECISION AND ORDER RE:**<br><br>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>**(Docket No. 9)** |

      This matter is before the Court on Plaintiff's Motion for Default Judgment (Dkt. 9). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order granting the motion.

      For the purpose of this motion only, this section accepts the allegations raised in Plaintiff's Complaint (Dkt. 1) as true. In December 2010, Plaintiff began receiving pre-recorded automated telephone calls from Defendant. (Dkt. 1 at 3). The recordings were left for a woman named Sherry LeCoultre. *Id.* Plaintiff claims he is not and does not know anyone by the name Sherry LeCoultre. *Id.* Likewise, Plaintiff contacted Defendant to ask that his phone number be removed from the call list. *Id.* Initially, Defendant refused to remove the number. *Id.* However, after Plaintiff spoke with a supervisor, Defendant agreed to remove Plaintiff's number from the list. *Id.* Curiously, every employee of Defendant refused to tell Plaintiff their name. *Id.*

      The collection calls appear to have ceased at that time. *Id.* However, Plaintiff began receiving pre-recorded automated calls again on May 31, 2011. *Id.* This time, the message

**MEMORANDUM DECISION AND ORDER - 1**

stated that Plaintiff "should have the decency" to return the call. Apparently unable to stop the calls, Plaintiff retained legal counsel and on May 31, 2012, this lawsuit was filed. Plaintiff seeks $1,000 in statutory damages, actual damages of $1955, and fees and costs.

Plaintiff is asserting a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). On November 21, 2012, Plaintiff filed a Notice of Returned Executed Summons, showing that an individual named Maria Sanchez, who is listed as Defendant's Corporation Agent, was served on June 19, 2012, in Los Angeles, California. (Dkt. 4). Defendant has not appeared in this case.

On November 27, 2012, Plaintiff moved for entry of default against Defendant and five doe defendants, which was granted on December 19, 2012. (Dkts. 5-6). On March 5, 2013, Plaintiff filed a Notice of Voluntary Dismissal against the Doe Defendants. (Dkt. 8).

Where a party against whom judgment is sought has failed to plead or otherwise defend, the party seeking relief must first secure an entry of default, and then may apply to the court for default judgment. *See* Fed. R. Civ. P. 55. Where a party is in default, "the factual allegations of the complaint, except those relating to the actual amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). Unless a claim is for a "sum certain," a court must consider proof of damages before entering final judgment. *See* Fed. R. Civ. P. 55(b)(1). Plaintiff seeks $1,000 in statutory damages under the FDCPA, and $1,955 in actual damages, plus attorneys fees and costs.

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect

**MEMORANDUM DECISION AND ORDER - 2**

consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The FDCPA provides that a plaintiff who successfully prosecutes a FDCPA claim shall be awarded statutory damages of $1,000 and a reasonable attorney fee as determined by the court. 15 U.S.C. § 1692k(a)(3). In relevant part, § 1692k(a) provides as follows:

> (a) Amount of damages
>
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) [not relevant]; and
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

15 U.S.C.A. § 1692k(a).  Here, in this instant action, through his motion for entry of default judgment, Plaintiff has pursued a successful action to enforce the liability specified in § 1692k(a)(2)(A). As a result, it appears "sum certain" that he is entitled to a $1,000 statutory award, and an award of reasonable attorney fees and costs under § 1692k(a)(3).

However, Plaintiff's claims for actual damages cannot be awarded as it is not a claim for a "sum certain" within the meaning of FRCP 55(b)(1).  *See* Schwarzer, Tashima & Wagstaffe, *Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial*, § 6:54 (The Rutter Group 2011) ("This is a high standard.  'In the Rule 55 context, a claim is not a sum certain unless there is *no doubt* as to the amount to which a plaintiff is entitled as a result of the defendant's default.'") (quoting *KPS & Assocs., Inc. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003) (emphasis in

**MEMORANDUM DECISION AND ORDER - 3**

original)); *see also KPS*, 318 F.3d at 20, n.9 ("Neither the fact that the complaint identifies a purported aggregate total, nor the fact that the affidavit attests to such a sum, automatically converts KPS's claim into a 'sum certain.'").

Therefore, given the inability to conclude a "sum certain" regarding what actual damages have been incurred, that portion of Plaintiff's request must be denied. Plaintiff's motion, however, is granted with respect to the statutory damages and an award of attorneys fees and costs. Accordingly, the Court will enter judgment in Plaintiff's favor once a separate motion for fees and costs has been filed with the Court.

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Plaintiff's Motion for Default Judgment (Dkt. 9) is GRANTED.

2. Plaintiff's counsel shall submit a separate motion for fees and costs with the required documentation for such a claim by May 17, 2013.

DATED: **April 25, 2013**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 4**