UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| RODNEY E. LeCOULTRE, <br><br> Plaintiff, <br><br> vs. <br><br> TAKHAR COLLECTION SERVICES, LTD., <br><br> Defendant. | Case No. 2:12-cv-00272-LMB <br><br> MEMORANDUM DECISION AND ORDER RE: <br><br> PLAINTIFF'S MOTION FOR ATTORNEY FEES <br><br> **(Docket No. 11)** |

This matter is before the Court on Plaintiff's Motion for Attorney Fees. (Dkt. 11). Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order granting the motion.[1]

## BACKGROUND

In December 2010, Plaintiff began receiving pre-recorded automated telephone calls from Defendant. (Dkt. 1 at 3). The recordings were left for a woman named Sherry LeCoultre. (*Id.*) Plaintiff claims he is not and does not know anyone by the name Sherry LeCoultre. (*Id.*) In addition, Plaintiff contacted Defendant to ask that his phone number be removed from the call list. (*Id.*) Plaintiff also claims that a representative of Defendant agreed to remove Plaintiff's number from the list and, as a result, the collection calls ceased. (*Id.*) According to Plaintiff, though, the collections activity stopped only for a short period of time. (*Id.*)

---

[1] Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. *See* Fed. R. Civ. P. 73.

**MEMORANDUM DECISION AND ORDER - 1**

Specifically, Plaintiff began receiving pre-recorded automated calls on May 31, 2011. (*Id.*) This time, the message stated that Plaintiff "should have the decency" to return the call. (*Id.*) Apparently, unable to stop the calls, Plaintiff retained legal counsel and on May 31, 2012, this lawsuit was filed. (*Id.*)

Despite Plaintiff's apparently properly served process (Dkts. 2, 4), Defendant has failed to make an appearance in this action. Accordingly, on November 27, 2012, Plaintiff moved for entry of default, which was entered on December 19, 2012. (Dkts. 5-6). On March 5, 2013, Plaintiff moved for default judgment, which was granted on April 25, 2013. (Dkts. 9-10). In the Court's Order granting Plaintiff's Motion for Default Judgment, the Court awarded Plaintiff $1,000 in statutory damages and reasonable attorney's fees and costs "once a separate motion for fees and costs has been filed with the Court." (*Id.*) Those matters are now before the Court. (Dkts. 11-12).

In support of his motion, Plaintiff has submitted: 1) his attorney's billing file; 2) the affidavit of his attorney, Martin Martelle, claiming 0.9 hours of work at the rate of $300 per hour, and staff;[2] 3) the affidavit of Robert Amador, an associate of Martelle, claiming 5.1 hours of work at the rate of $300 per hour; and 4) a 65-page document titled "United States Consumer Law Attorney Fee Survey Report 2010-2011." (Exhibit A-D, Dkt. 11-1). The record also shows 5.2 hours of work performed by Martelle's support

---

[2] Martelle states in his affidavit that he is "Plaintiff Douglas Schwenker's counsel of record ..." (Dkt. 11-1). For the purposes of this motion, the Court assumes that this was a clerical error and that Martelle intended to state that he is Plaintiff Rodney LeCoultre's counsel of record.

**MEMORANDUM DECISION AND ORDER - 2**

staff at the rate of $50 per hour. Finally, Plaintiff also submitted a $350 bill of costs. (Dkt. 12).

## DISCUSSION

**1.      Costs**

An award of costs is governed by Rule 54(d) and the Court's Local Civil Rules. Local Rule 54.1 allows for an award of costs to the prevailing party, provided that a party serve and file "a cost bill in the form prescribed by the Court" within "fourteen . . . days after entry of a judgment, under which costs may be claimed." Dist. Idaho Loc. Civ. R. 54.1(a). The "cost bill must itemize the costs claimed and be supported by a certificate of counsel that the costs are correctly stated, were necessarily incurred, and are allowable by law." *Id*. Rule 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Assoc. of Mexican-Amer. Educators v. State of Calif.*, 231 F.3d 572, 591 (9th cir. 2000). A losing party bears the burden of demonstrating why costs should not be awarded. *See Stanley v. Univ. of S. Calif.*, 178 F.3d 1069, 1079 (9th Cir. 1999).

Local Rule 54.1 defines prevailing party as "the one who successfully prosecutes the action or successfully defends against it, prevails on the merits of the main issue, and the one in whose favor the decision or verdict is rendered and judgment entered." Dist. Idaho Loc. Civ. R. 54.1(b). Here, the Court granted Plaintiff's Motion for Default Judgment making Plaintiff the undisputed prevailing party.

**MEMORANDUM DECISION AND ORDER - 3**

Local Rule 54.1(c) defines the types of taxable costs available to the prevailing party under Rule 54(d)(1).  *See* Dist. Idaho Loc. Civ. R. 54.1(c)(1-7).  In his Bill of Costs (Dkt. 12), Plaintiff seeks to recover $350 in filing fees. (Dkt. 12).

The costs associated with filing fees, the only cost claimed here by Plaintiff, are taxable. Therefore, the full amount of $350 in claimed costs will be taxed against Defendant  and Defendant's Motion Attorneys' Fees is granted in this respect.

**B.    Fees**

The Fair Debt Collection Practices Act provides that, " in the case of any successful action to enforce the foregoing liability, [the debt collector is liable for] the costs of the action, together with a reasonable attorney's fee as determined by the court.  15 U.S.C.A. § 1692k(a)(3).  Concerning this matter, the findings of this Court are reviewed under an abuse of discretion standard.  *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007).  The undersigned has already determined that Plaintiff's action was successful, awarding $1,000 in statutory damages.  (Dkt. 10).  The question now before the Court is whether Plaintiff's claim of $2,060 in attorney's fees is reasonable.

The breakdown of fees is as follows:

1.   Attorney Martin Martelle   -   0.9 hours at $300 per hour
2.   Attorney Robert Amador   -   5.1 hours at $300 per hour
3.   Paralegal/Staff   -   5.2 hours at $50 per hour.

(*Id*.) Plaintiff's attorneys have submitted detailed billing entries itemizing the time spent on this case. The compensation rates of $50 to $300 per hour appear reasonable under the circumstances.

**MEMORANDUM DECISION AND ORDER - 4**

In addition, the 11.2 total hours expended in total appears reasonable. Accordingly, the undersigned finds that the $2060, representing the attorney's fees requested under 15 U.S.C. § 1692k(a)(3), is reasonable.

## ORDER

It is hereby ORDERED:

1. Plaintiff's Motion for Attorney Fees and Costs (Dkt. 11) is GRANTED;

2. Plaintiff shall be awarded $350 in costs; and

3. Plaintiff shall be awarded $2060 in attorney's fees.



DATED: **July 9, 2013**.

Honorable Larry M. Boyle
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 5**